### 28968. CHAMBERS *v.* WASHINGTON NATIONAL INSURANCE COMPANY.

DECIDED DECEMBER 5, 1941. REHEARING DENIED DECEMBER 17, 1941.

*E. D. Smith Jr.,* for plaintiff.
*McElreath, Scott, Duckworth & Riley,* for defendant.

BROYLES, C. J. On December 6, 1935, the Washington National Insurance Company issued an accident insurance policy which named Sidney Cornelius Chambers as the insured and Mrs. Kate B. Chambers as beneficiary. This policy was issued in conjunction with a subscription to the Georgian-American newspaper "in consideration of the premium of two cents (2c), paid *by the insured,* for a term of one week from date, beginning twelve o'clock noon, standard time of the place where the insured resides, of the date this policy is dated." The above clause, quoted from the policy, continues: "This policy may be renewed with the consent of the company from term to term thereafter, at the company's premium rate in effect at the time of renewal." Paragraph (a) of part 4 of the policy provides that the beneficiary be paid $1000 if the insured should die as the result of "the wrecking or disablement of a private pleasure type automobile . . in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile truck or vehicle." On December 25, 1939, the insured was so killed as to bring his

death within this provision of the policy, and on August 16, 1940, Mrs Chambers, as beneficiary, instituted an action on the policy to recover "$1000, plus 25 per cent. for bad faith, plus $500 reasonable attorney's fees." The defendant admitted a prima facie case in the plaintiff and assumed the burden of proof, and introduced in evidence a letter designed to show that the policy was canceled prior to the death of the insured. It is stipulated in the brief of evidence that this letter was received by the insured on December 24, 1939, and that the policy "had originally been purchased by the plaintiff upon the life of her son, and that the plaintiff had always paid the premiums on said policy, and that the plaintiff had an insurable interest in the life of her son." At the conclusion of the evidence the court directed a verdict for the defendant. The plaintiff filed a timely motion for new trial based on the usual general grounds and subsequently amended that motion by assigning error on the direction of the verdict. Error is assigned on the judgment overruling the motion for new trial as amended.

Paragraph 16 of the standard provisions of the policy is as follows: "The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address, as shown by the records of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto." The letter relied upon as a sufficient notice of cancellation under the foregoing provision of the policy is dated December 20, 1939, at the executive offices of the insurer in Evanston, Illinois. It follows: "Dear Policyholder: Due to discontinuance of the Georgian-American, your limited travel and pedestrian accident policy benefits which you had on the weekly plan with your paper will cease as of December 23, 1939. We believe it only fair to you to give you an opportunity to continue this low-cost protection. Therefore, if you will mail your check or money order in the amount of $1 direct to the Washington National Insurance Company, Evanston, Illinois, in the enclosed envelope, your policy will be continued for a period of one year. With the accident hazard of to-day you can not afford to be without this low accident protection, and especially when it may be held by you in addition to

any other insurance you may have. We have enjoyed serving you and hope that we may have the pleasure of serving your insurance needs. for years to come." At the bottom of the letter is the following postscript: "P. S. Delays are dangerous. Act at once. Remit $1 for one year's protection."

As stated by counsel for both parties, the controlling question here is whether the above-quoted letter was such an unconditional and unequivocal notice of the cancellation of the policy as to clearly inform the insured that the policy would positively be canceled on December 23, 1939. "In order to form the basis of the cancellation of a policy, notice by the insurer to the insured need not be in any particular form in the absence of a statute or policy provision prescribing such form, and is sufficient so long as it positively and unequivocally indicates to the insured that it is the intention of the company that the policy shall cease to be binding as such upon the expiration of the stipulated number of days from the time when its intention is made known to the insured. The notice is not sufficient, however, if it is equivocal, or merely states a desire or intention to cancel." 29 Am. Jur. 263, § 283. All of the authorities hold to the same effect. How does the letter or notice here measure up to the above-stated requirements? In answer to that question, counsel for the plaintiff in error makes in his brief the following argument: In the first place, "the word 'cancel,' nor, indeed, any of its derivatives, is nowhere used in the purported notice of cancellation. The only thing which the notice says is that the insurance will *cease* on December 23, 1939. This certainly does not have the same meaning, nor, indeed, the same connotations as the word 'cancel.' In the ordinary meaning as here used, the word 'cease' would imply that the policy would come to a natural end on December 23, 1939. Indeed, this is probably what was meant by the company from its letter. As indicating this meaning, it must be borne in mind that the Atlanta Georgian went out of business one week prior to December 23, 1939. Bear in mind also that, under the normal relationship between the insured and the company under the contract of insurance, the premiums were to be paid two cents weekly and in advance. Had this method of payment of premiums been adhered to, as we must assume that it was, then the policy would normally have ceased on December 23, 1939. Bear in mind also that after the cessation

of the Atlanta-Georgian newspaper, there were no route boys available to collect the premiums. Clearly, then, the intention of the company was this: Dear Policyholder: When your policy normally ceases for the non-payment of premiums, we will not be able to renew it on the two cents weekly basis, because we will have no one to collect the premiums. Therefore, when your policy ceases, if you wish to keep it in existence further, you will thereafter be required to pay the premium yearly at the rate of $1 per year. . . This contention is further borne out by the second paragraph of the letter which says specifically that the company thinks it only fair to its policy-holders to give them an opportunity to continue this low-cost protection. It says further that if the policy-holder will mail $1 in cash or money order direct to the company, the insurance will be *continued* for a period of one year. This certainly does not contemplate the cancellation of the policy and the reissuance of a separate and distinct policy. It contemplates only that when the insurance normally comes to an end it will be continued, that is, the same policy continued, upon the payment of $1."

We are in substantial agreement with the above-quoted contentions of the plaintiff in error. In our opinion the letter in question was ambiguous, and it is well settled that in such a notice all ambiguities must be resolved in favor of the insured. It clearly appears that the letter, properly construed, did not positively and unequivocally indicate to the insured that it was the intention of the company to cancel the insurance policy on December 23, 1939. There were no disputed facts in the case, the only question being the proper construction of the letter. The evidence and the stipulations of counsel, together with the proper construction of the letter, demanded a verdict for the plaintiff. The court erred in directing the verdict for the defendant and in denying the plaintiff's motion for new trial. Under the particular facts of the case, none of the authorities cited in behalf of the defendant in error requires a different ruling.

*Judgment reversed. MacIntyre, J., concurs.*

GARDNER, J., dissenting. Under the peculiar facts of this case I think the letter of December 20, 1939, of the insurance company to the insured was sufficient, as a matter of law, to cancel the policy as of December 23, 1939. It was a new contract that

was being offered for the following year. Since the insured failed to remit the $1 required in advance to put in force the new contract, that contract was not of force, the old had been canceled, and the plaintiff was not entitled to recover.