## GENONE *v.* CITIZENS INSURANCE COMPANY OF NEW JERSEY *et al.*

84

No. 17105.　June 14, 1950.

R. A. *Whitsett* and A. E. *Wilson,* for plaintiff in error.

*MacDougald, Troutman, Sams & Schroder, Dan MacDougald Jr.,* and *Gilmer A. MacDougald,* contra.

ALMAND, Justice. ■ Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. Code § 56-815; *Golden* v. *National Life & Accident Insurance Co.,* 189 *Ga.* 79 (2), 87 (5 S. E. 2d, 198, 125 A.L.R. 838). Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Insurance Co.* v. *Marshall,* 49 *Ga. App.* 287 (1) (175 S. E. 412). Where the meaning is plain and obvious, it should be treated as literally provided therein. *Daniel* v. *Jefferson Standard Life Insurance Co.,* 52 *Ga. App.* 620 (2) (184 S. E. 366).

■ Condition 22 of the policy, under the heading of "Cancellation," is clear and unambiguous. There is no statutory provision in this State which requires that notice of cancellation of an insurance policy must be given in any particular manner. Here each party reserved the right to cancel the policy by mailing a written notice to the other party. As to the insured, he could effect cancellation by mailing a written notice to the companies, stating the time when cancellation would be effective. As to the insurers, they could cancel by mailing a written notice to the insured, stating the time, not less than five days thereafter, when cancellation would be effective. It was agreed that the mailing of the notice would constitute sufficient proof of notice, and that the effective date and hour stated in the notice would constitute the end of the policy period. The parties made the act of mailing the written notice,

and not the actual receipt of the notice, the essential requirement to cancel the policy.

There has been no case before this court involving the question as to whether receipt of the notice must be shown, where the policy under consideration contained a similar provision as to giving notice of cancellation. However, the Court of Appeals, in the case of *Saint Paul Fire & Marine Insurance Co.* v. *C. I. T. Corp.*, 55 *Ga. App.* 101 (189 S. E. 390), had before it a policy of fire insurance which contained the following provision as to giving notice: "Notice of cancellation mailed to the address of the assured stated in this policy shall be a sufficient notice." It was held that under such provision, where proof of mailing of the written notice was shown, it was not necessary to effect cancellation to show that the insured received the notice. This ruling is in accord with the weight of outside authority, where, as here, the policy provided that notice of cancellation mailed to the address of the insured stated in the policy or on the records of the company should be sufficient notice. Seaboard Mutual Casualty Co. v. Profit, 108 Fed. (2) 597; General Accident Fire & Life Assurance Corporation v. Schero, 151 Fed. (2) 825; Sorenson v. Farmers Mutual Hail Insurance Co. of Des Moines 226 Iowa 1316 (286 N. W. 494); Trinity Universal Insurance Co. v. Willrich 13 Wash. 2d, 263 (124 Pac. 2d, 950); McBride v. New Amsterdam Casualty Co. 12 N. J. Misc. 617 (173 Atl. 346); Dent v. Monarch Life Insurance Co. (Mo.) 98 S. W. 2d, 123.

We are of the opinion that the method prescribed in the policy provides a reasonable way to terminate the policy, and that it was unnecessary for the insurers, in proving notice of cancellation, to show, in addition to proof of mailing the written notice in the manner provided in the policy, that the insured actually received the notice. The undisputed facts in the instant case show that the written notice provided for in the policy was mailed by the insurers to the address of the insured as stated in the policy.

The cases relied on by the insured, which hold that, where notice of cancellation is attempted to be effected by mail, there must be proof that the insured received the notice before cancellation can be effected (*Bankers Mutual Casualty Co.* v. *Peo-*

*ples Bank of Talbotton,* 127 *Ga.* 326 (1), 56 S. E. 429; *Puryear* v. *Farmers Mutual Insurance Assn.,* 137 *Ga.* 579 (2), 73 S. E. 851; *Hodges* v. *Planters & Peoples Mutual Fire Ins. Assn., of Georgia,* 37 *Ga. App.* 203 (2), 139 S. E. 362; *Farmers Mutual Fire Insurance Co. of Georgia* v. *Harris,* 50 *Ga. App.* 75 (1), 177 S. E. 2d, 65), are not contrary to our ruling above, for the reason that in each of those cases the policy did not prescribe a method or manner in which notice of cancellation could be given.

■ The reported cases are plentiful and conflicting on the question as to whether or not the insurers, in the exercise of the reserved power to cancel a policy of insurance, in the absence of a statutory requirement, can effectively cancel a policy without first paying or tendering payment of the unearned premium. See texts and citation of authorities in 6 Couch on Insurance, § 1436 et seq., and annotation on this subject in 127 A. L. R., 1341. The rulings in these authorities were each dependent upon the wording of the cancellation clause in the respective policy under consideration. These rulings may be grouped into five categories: First, where the wording of the policy makes a return of the unearned premium a condition precedent to cancellation; second, where the policy construed was a standard fire policy; third, where the cancellation clause was silent as to return of the unearned premium; fourth, where the provision for return of the unearned premium was ambiguous; and fifth, where the obligation to return the unearned premium was, by the terms of the contract, plainly made a consequence and not a condition of cancellation. The weight of authority is that, if the terms of the cancellation clause fall within any one of the first four groups, a tender or return of the unearned premium is necessary to effect cancellation. The weight of authority as to group 5 is that return or an offer to return the unearned premium is not essential to cancel a policy where the condition as to notice has been complied with.

The case of *Hollingsworth* v. *Germania, Niagara, Hanover & Republic Fire Insurance Co.,* 45 *Ga.* 294 (12 Am. R. 579), falls within the first group. There the policy provided: "The insurance may also be at any time terminated at the option of the companies, on giving notice to that effect, and *refunding a*

*ratable proportion of the premium for the unexpired term of the policy."* It is plainly seen that, in order to effect a cancellation of this policy, there was a dual condition precedent, to wit, giving of a notice *and* refunding the unearned premium. The cases of *Globe & Rutgers Fire Insurance Co.* v. *Walker,* 150 *Ga.* 163 (2) (103 S. E. 407), *Alliance Insurance Co.* v. *Poss,* 40 *Ga. App.* 322 (1) (149 S. E. 433), *Union Fire Insurance Co. of Paris, France,* v. *Stone,* 41 *Ga. App.* 49 (1) (152 S. E. 146), fall in the second group. These cases each involved the construction of a cancellation clause in a standard fire-insurance policy, where the clause as to cancellation provided: "If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium." It will thus be seen that the parties tied together the acts of giving the notice and surrendering the policy as conditions precedent to the cancellation of the insurance, and by its terms did not make the payment or tendering of the unearned premium a consequence of the surrender of the policy. The case of *Saint Paul Fire & Marine Insurance Co.* v. *C. I. T. Corp.,* 55 *Ga. App.* 101 (189 S. E. 2d, 390), falls within the fifth category. In that case the policy provided: "This policy may be canceled at any time by this company by giving the assured five-days written notice of cancellation, with or without tender of the excess of paid premium above the pro-rata premium for the unexpired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium if not tendered, will be refunded on demand." The court in its opinion, after distinguishing the *Hollingsworth, Alliance,* and *Farmers Mutual* cases, supra, said that the parties having plainly stipulated the conditions as to cancellation, there was no necessity that the unearned premium be tendered or paid before the cancellation became effective. In General Accident Fire & Life Assurance Corporation *v.* Schero, 151 Fed. (2) 825, supra, the court had before it a policy of insurance which contained a clause as to cancellation which, after prescribing how notice could be given

by mail, provided: "When thereafter such cancellation shall be effective, in which case the corporation upon demand shall refund the excess of premium paid by the assured above the pro rata premium for the expired term." It was held that such clause did not require, as a condition to cancellation, return of the unearned premium to the assured. In Summers *v.* Travelers Insurance Co., 109 Fed. (2) 845, the court had before it a policy of insurance in which the cancellation clause provided: "This policy may be canceled by the company by mailing written notice to the named insured at the address shown in this policy stating when, not less than five days thereafter, such cancellation shall be effective, and upon demand the company shall refund the excess of premium." It was held that return of the unearned premium was a consequence and not a condition precedent to cancellation. In its opinion, the court said: "The equitable rule with reference to rescission or cancellation of contracts, requiring a restoration of the status quo as a condition precedent to such rescission or cancellation, is not here applicable because the parties have a right by contract to determine the conditions upon which a cancellation may be had. Here, the parties have, by unambiguous language, stipulated how such cancellation shall be effected. The right to the unearned premium upon cancellation is a matter of concern only to the insured and in the absence of a statute providing otherwise the insured has a right to agree that such unearned premium shall be payable to him upon demand . . The unearned premium is to be returned to the insured as a consequence of cancellation and not as a condition precedent to such cancellation." P. 847.

In addition to the cases of Parks *v.* Lumbermens Mutual Casualty Co. 327 Ill. App. 356 (64 N. E. 2d, 210), and Leslie *v.* Standard Accident Insurance Co. 327 Ill. 343 (64 N. E. 2d, 391), cited by counsel for the insurers, we have found only one other case, Wallace *v.* State Farm Mutual Automobile Insurance Co. 187 Tenn. 692 (216 S. W. 2d, 697), where .the policy of insurance contained the exact provision as to return of unearned premium on cancellation as is contained in the policy now under consideration, and in each of those cases it was held that cancellation was effective without returning or tendering the unearned premium to the insured. See also Phoenix Mutual Fire

Insurance Co. of Cincinnati *v.* Brecheisen, 50 Ohio 542 (35 N. E. 53); Davidson *v.* German Insurance Co. of Freeport, Illinois, 74 N. J. L. 487 (65 Atl. 996); Webb *v.* Granite State Fire Insurance Co., 164 Mich. 139 (129 N. W. 19); Mangrum *v.* Law Union & Rock Insurance Co., 172 Cal. 497 (157 Pac. 239).

The parties having agreed that the unearned premium should be returned after the effective date of the cancellation, failure of the insurers to return the unearned premium to the insured did not prevent the cancellation in this case from becoming effective.

Counsel for the insured contend that, when the insurers' agent attached to the notice of cancellation the following: "Note: Any return premium due under this policy, if not tendered herewith, will be refunded upon demand," they sought to impose a condition to the right of the insured to collect the unearned premium which was not in the policy. We do not agree with this contention. This note appears at the bottom of the notice of cancellation, under the signature of the agent giving the notice, and is a matter of information to the insured of his right to a return of the unearned premium, and limits in no way the right of the insured or obligation of the insurers as to return of the unearned premium.

The court did not err in entering the decree complained of.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*