On July 24, 1948, defendant issued its automobile liability policy to plaintiff to expire July 24, 1949. Plaintiff paid the premium therefor. On April 25, 1949, defendant issued a “medical payment” indorsement for an additional premium of $2, which additional premium plaintiff never paid. The policy contained a provision giving defendant the absolute right to cancel it on five days’ written notice, and further, that “ If the company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective.” On July 1, 1949, defendant sent plaintiff a notice of cancellation of the policy effective July 8, 1949, the notice stating that the return premium, if any, would be refunded on demand, there being a further statement that the additional premium of $2 was not paid. On July 18, 1949, plaintiff’s automobile was involved in an accident, but defendant refused to defend. In this action for a judgment declaring that the policy was in force on the date of the accident, and for counsel fees theretofore incurred in the defense of the action arising out of the July 18, 1949, accident, there was judgment for plaintiff on the ground that the notice of cancellation was ineffective in that (1) the notice stating that the unearned premium would be refunded on demand was not in accordance with the terms of the policy; and (2) the typewritten words that the additional premium was not paid created a reasonable doubt as to the purpose of cancellation, plaintiff being misled into thinking that only the medical payment indorsement was cancelled and not the policy as a whole. Judgment reversed on the law, without costs, and the complaint dismissed on the law, without costs. The notice of cancellation became effective even though the cancellation provision of the policy stated that the premium adjustment would be made as soon as practicable after cancellation, without requiring a demand for its return. The inclusion of the statement in the notice of cancellation that the unearned premium would be refunded on demand was not such a variation as to make the notice ineffective. (Genone v. Citizens Ins. Co. of New Jersey, 207 Ga. 83; Medford V. Pacific Nat. Eire Ins. Co., 219 P. 2d 142 [Ore.]; Department of Labor V. Northwestern Mut. Eire Assn., 13 Wn. [2d] 288.) The return of the unearned premium was not a condition precedent to cancellation. (Wallace v. State Farm Mut. Automobile Ins. Co., 187 Tenn, 692; Parks v. Lumbermans Mut. Gas. Go., 327 111. App. 356, also cases cited, supra.)" The notice of cancellation was not misleading. There was no ambiguity or uncertainty as to *1128 the advice given by defendant to plaintiff that the entire policy was cancelled. Findings of fact are affirmed. Conclusions of law inconsistent herewith are reversed and new conclusions of law will be made. Johnston, Acting P. J., Adel, Sneed, Wenzel and MaeCrate, JJ., concur. Settle order on notice.