36159. DAVIS *v.* TRAVELERS INDEMNITY COMPANY.

DECIDED APRIL 23, 1956—REHEARING DENIED MAY 10, 1956
AND JUNE 26, 1956.

William A. Thomas, for plaintiff in error.

Marshall, Greene & Neely, Harry L. Greene, contra. ..

QUILLIAN, J. █ The general grounds insist that there was not sufficient evidence from which the jury could determine that the defendant Conner received any notice of the cancellation of the insurance policy covering the 1950 Ford automobile. Speer testified that he mailed the cancellation to the defendant at the address shown in the policy. The policy in question contained the following provision: "23. Cancelation. This policy may be canceled by the named insured by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing." In order to prove cancellation of the policy it was unnecessary for the garnishee to prove that the insured actually received the written notice, where it is undisputed that the notice was mailed to the address of the insured as stated in the policy. Genone v. Citizens Insurance Co. of New Jersey, 207 Ga. 83 (2) (60 S. E. 2d 125).

The plaintiff contended that the payments made by Clifford Conner kept the policy in force up to and including the date she was injured by Ralph Conner, though, as the garnishee contended, made after the policy was canceled. This contention is predicated upon the further insistence of the plaintiff that the payments made by Clifford Conner should have been applied to the payment of premiums on the policy calculated upon a pro rata basis from the time of the issuance of the policy on June 16, 1952, to

the date of her injury on November 16, 1952. The garnishee on the other hand contended that the policy was formally and legally canceled for non-payment of premiums on October 14, 1952, that the money paid by Conner on December 2, 1952, was properly applied to the payment of premiums on a "short-rate basis" as provided by the policy, and, as calculated, it covered a period extending from June 16, 1952, to October 14, 1952, which latter date was prior to that on which the plaintiff was injured. The policy provision as to cancellation for non-payment read: "In consideration of the issuance of this policy on an instalment premium payment basis, it is agreed that failure to pay to the company any instalment within ten days after the date it becomes due and payable shall be deemed to be a request by the named assured for cancellation of the policy on a short-rate basis." There being evidence that the defendant failed to make payment on premiums due, for more than ten days after their due dates, the jury was authorized to find that the garnishee's agent, May, had the authority to charge the defendant premiums on a short-rate basis.

The plaintiff also contends that the garnishee used the wrong basis of calculating the premiums on a "short-rate basis", and that even figured on the short-rate basis the premiums paid by Clifford Conner would have kept the policy alive through the date of the collision with Ralph Conner. Mr. Green, a witness for the garnishee, testified that the premiums charged were in the correct amounts and conformed to the standard rate tables used by insurance companies. This was sufficient evidence from which the jury could determine that the correct basis in figuring the amount of premiums due had been used, hence that the amount paid by Clifford Conner was not enough to keep the policy in force until the date on which the plaintiff was injured by Ralph Conner. There was sufficient evidence to support the verdict and the general grounds are without merit.

■ Special grounds 1, 2, 3, 5 and 6 of the motion for a new trial insist that several excerpts from the trial judge's charge were error because he failed to direct a verdict for the plaintiff. These special grounds are controlled by the general grounds and require no elaboration.

■ Special ground 4 assigns as error the following charge:

"And, gentlemen, it then becomes a question for you to determine in this case whether or not notice was given to the holders of the policies, that is the Conners, by the company, that it would cancel the policies unless the premiums were paid on a certain date, it being the contention of the company in this case that it mailed to these parties a notice that unless the premium was paid by a certain date, that is, 10 days after notice was mailed, that the policies would be declared void and be cancelled." This charge presented a correct statement of one of the issues of the case and was not error.

■ Special ground 7 complains that the trial judge erred in failing to charge, even without request, the following: "A contract of insurance involving the substitution of one policy of insurance for another requires perfect good faith and full disclosures on the part of the company. A policy issued in lieu of another which has not been cancelled is not binding." Substitution of policies not being an issue in the case at bar, the trial judge did not err in failing to charge the above quotation. Special ground 7 does not show error.

■ The trial court did not err in denying the motion for a judgment notwithstanding the verdict, inasmuch as the judgment denying the motion for new trial is being affirmed by this court.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*