38405. NEW AMSTERDAM CASUALTY COMPANY
v. RUSSELL.

598

Decided October 11, 1960—Rehearing denied October 18, 1960.

*John F. Hardin, Robert E. Knox, Warren D. Evans,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

Frankum, Judge. ■ The defendant in error has made a motion to dismiss the writ of error on the following grounds: (1) Because there has been no proper and legal service of the bill of exceptions on the defendant in error, and (2) because there has been no proper or legal entry of service of the bill of exceptions on the defendant in error. The bill of exceptions, signed by John F. Hardin, Robert E. Knox and Warren D. Evans, was presented to the trial judge on April 21, 1960, and an order was entered directing counsel for the plaintiff to show cause why the bill of exceptions should not be certified as true and correct. The defendant in error contends, by a motion to

dismiss, that Warren D. Evans was not a counsel of record in any prior proceedings in this case.

The following certificate of service of a copy of the bill of exceptions and the order setting a hearing thereon for April 27, 1960, was made: "I certify that I did on this date serve a true and correct copy of the foregoing bill of exceptions and order upon Honorable Randall Evans, Jr., attorney at law, Thomson, Georgia, of counsel of record for defendant in error, by personally handing him a copy of the same. This 23rd day of April, 1960. Warren D. Evans of counsel for New Amsterdam Casualty Company, plaintiff in error."

A proper certification of the bill of exceptions was made by the Hon. Earle Norman, Judge, McDuffie Superior Court, on April 27, 1960, and thereafter on April 29, 1960, the following certificate of service is shown to have been made: "I, Warren D. Evans, of counsel of record for New Amsterdam Casualty Company, plaintiff in error herein, do hereby certify that I have on this date served a true and correct copy of the within and foregoing bill of exceptions, together with the certificate of the judge thereon, upon Honorable Randall Evans, Jr., attorney at law, Thomson, Georgia, as attorney of record for the defendant in error herein, by handing a copy of the same to him in person. This 29th day of April, 1960. Warren D. Evans, of counsel of record for New Amsterdam Casualty Company, plaintiff in error."

There is no contention by the defendant in error or his counsel that service of the bill of exceptions was not made in the way and manner shown by the certificates aforesaid of Warren D. Evans. *Code Ann.* § 6-911 provides, in part, with reference to service of a bill of exceptions: ". . . Where there is no acknowledgement or waiver of service, the return of such service may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions or cross-bill." The certificates of service on Randall Evans, attorney for the defendant in error, made by Warren D. Evans, meet all the requirements of the cited section. If the defendant in error or his counsel desired to question the authority of Warren D. Evans

to appear as one of counsel for the plaintiff in error, the law provides adequate means for such purpose in *Code* § 9-604, which is as follows: "The presiding judge or justice may, on motion of either party, and on showing reasonable grounds therefor, require any attorney who assumes the right to appear in the cause to produce or prove the authority under which he appears, and to disclose, whenever pertinent to any issue, the name of the person who employed him, and may grant any order that justice may require on such investigation; but, prima facie, attorneys shall be held authorized to properly represent any cause they may appear in."

Having failed to question his authority to appear as one of counsel for the plaintiff in error before the superior court judge until the case has reached this court, it is too late for the defendant in error to be heard on this question. See *Felker v. Johnson*, 189 Ga. 797 (7 S. E. 2d 668). There is no merit to the grounds of the motion to dismiss the writ of error, and the same is denied.

■ Where an insurance contract provides that the insurer may cancel the policy on the mailing of a proper notice of cancellation, proof that a correctly addressed notice to the insured was mailed will operate to vitiate the insurance contract so as to debar a claim on the policy occurring after the time specified in the alleged notice as the cancellation date. *Genone v. Citizens Ins. Co.*, 207 Ga. 83 (60 S. E. 2d 125); *Davis v. Travelers Indem. Co.*, 94 Ga. App. 102 (93 S. E. 2d 810); *St. Paul Fire &c. Ins. Co. v. C. I. T. Corp.*, 55 Ga. App. 101 (189 S. E. 390). From the above authorities it is clear that in this jurisdiction where a policy so provides, an insurance company is relieved of liability on the policy at the expiration of a specified time in the notice on the mailing of such notice in a properly addressed envelope to the insured. However, where an insurance company interposes the defense of cancellation of the policy, the company has the burden of proving strict compliance with the cancellation provisions. Employers Liability Assurance Corp. v. Maes, 235 F. 2d 918. Any ambiguities of the notice must be resolved in favor of the insured. *Chambers v. Washington Nat. Ins. Co.*, 66 Ga. App. 509 (17 S. E. 2d 899). Evi-

dence that the insured received no notice has, in this jurisdiction, been held proper for consideration of the jury as to whether or not the notice was mailed. *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 S. E. 2d 142). In Employers Liability Assurance Corp. v. Maes, supra, the court held that evidence of nonreceipt was pertinent for the jury to consider when determining the question of whether or not notice was properly mailed within the strict terms of the policy.

An insurance policy will be construed strictly against the company. The undisputed evidence in the instant case shows that the insurance company mailed a memorandum of the insurance policy to the insured which contained a provision that it was a "duplicate policy." The insured had a right to rely on the memorandum as being an exact copy of the original policy at the date of issue. The original was forwarded to a mortgagee of the insured's property and was not seen by the insured until after the alleged accident and attempted cancellation. The duplicate copy was in the name "John David Russell," as the insured; however, the original was in the name "John Davis Russell." It is also undisputed that the insured gave his proper name when the policy was purchased. Strictly construing the policy against the insurance company, the proper name of the insured in the contract to whom the notice should have been sent is "John David Russell."

A jury question was raised as to whether or not the notice of cancellation was properly mailed within the strict terms of the insurance contract. An employee of the insurance company testified that she prepared the cancellation notice to the insured as she customarily prepared others. The defendant introduced in evidence a Post Office receipt showing that an envelope addressed to "John Davis Russell," Route 3, Thomson, Georgia, was mailed.

The employee testified that this envelope contained a notice of cancellation to the insured. There is no conclusive evidence that the notice was or was not returned to the insurance company as undelivered mail. The two names do not sound enough alike phonetically to come within the doctrine of *idem sonans*. It will be noticed that the name of this particular addressee is

important for the proper delivery of the mail. While it is not essential that the notice of cancellation be received by the insured to effectuate a cancellation, it is mandatory that the notice be properly addressed and mailed to bring about a cancellation. A correctly addressed notice of cancellation, suffice it to say, is of the utmost importance to the insured, and he has a right to a strict compliance with the policy provisions. Testimony was adduced at the trial on behalf of the plaintiff that the notice was never received by the plaintiff. The evidence by the plaintiff of the nonreceipt of the notice was admissible as a circumstance as to whether the alleged notice had been properly addressed or mailed. Employers Liability Assurance Corp. v. Maes, 235 F. 2d 918, supra; *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, supra. The jury resolved the question in favor of the insured, and, as this court does not determine the weight of the evidence but only the sufficiency, we find no reversible error. See *Whitten v. State,* 47 Ga. 297.

■ The award of attorney's fees and 25% penalty damages was unauthorized. Had the jury believed the notice was, in fact, properly mailed, and the company had a reasonable basis for so believing, a verdict for the defendant would have been authorized. This is a case where the company tried to terminate the contract but failed because of a combination of minute errors, which were not chargeable to the insured. The insurance company's position is that the mistakes were not of such magnitude as to negate the cancellation. So far as we can ascertain, this question has not been passed on in this jurisdiction. The company could have refused to pay the claim in absolute good faith on the reasonable belief that the contract had been terminated. The burden is on the plaintiff to show a capricious, unfounded or frivolous refusal to pay. The fact that this court has some difficulty in reaching a position contrary to the legal contentions of the insurance company on the merits, does not detract from the company's position that such refusal was not in bad faith. In doubtful cases the insurance company, as any other litigant, should have the right to contest questions of law and liability. *Travelers Indem. Co. v. Wilkes County,* 102 Ga. App. 362 (116 S. E. 2d 314); *Security Ins. Co. v. Jackson,*

54 Ga. App. 131 (187 S. E. 234). The insurance company had a reasonable justification to refuse the claim, and such refusal was not frivolous and unfounded. *Independent Life &c. Ins. Co. v. Thornton,* 102 Ga. App. 285 (115 S. E. 2d 835).

*Judgment affirmed on the condition that the plaintiff write off that portion of the judgment representing penalty and attorney's fees within 15 days after the remittitur is made the judgment of the trial court; otherwise reversed. Townsend and Carlisle, JJ., concur. Gardner, P. J., not participating.*