39892. ANDERSON v. PREFERRED RISK MUTUAL INSURANCE COMPANY.

DECIDED FEBRUARY 1, 1963.

*Rich, Bass & Kidd, Casper Rich,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Gregg Loomis,* contra.

NICHOLS, Presiding Judge. It is now well settled that, where an insurance policy provides for cancellation by the insurance company by mailing a notice of cancellation to the insured, evidence of mailing in compliance with the terms of the policy is sufficient to authorize a finding that such policy is canceled although the insured does not in fact receive such notice of cancellation. See *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597 (117 SE2d 239) ; *Genone v. Citizens Ins. Co.,* 207 Ga. 83 (60 SE2d 125) ; *Davis v. Travelers Indem. Co.,* 94 Ga. App. 102 (93 SE2d 810), and citations.

The sole contention of the plaintiff is that the notice was mailed to the wrong address and therefore the notice of cancellation was not effective. The policy provided in part: "Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy." Plaintiff's contention is that the notice of cancellation should have been mailed to the address shown in the original policy and not to an address furnished the insurer

by the insured after the policy was originally issued. The renewal certificate upon which the plaintiff must rely as a part of the insurance contract (otherwise the policy had expired long before the occurrence in dispute) showed the address to which the notice was mailed as being the address of the plaintiff and it was undisputed that such address was the last address furnished the defendant by the plaintiff. This renewal certificate became a part of the policy and the notice was mailed to the address shown in the thus amended policy. The finding by the trial court that the policy was canceled by mailing the notice of cancellation to the address furnished by the plaintiff to the company was authorized by the evidence, and the trial court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*