45893. ALLSTATE INSURANCE COMPANY v. CODY.

PANNELL, Judge. Thomas E. Clyde brought an action in the Municipal Court of the City of Augusta against Nathaniel Cody seeking recovery for damages resulting from a motor vehicle collision which occurred on February 17, 1969. Nathaniel Cody filed a third-party complaint against Allstate Insurance Company, his alleged automobile liability insurer. The third-party defendant made a motion for summary judgment based on its alleged cancellation of the policy prior to the collision on which the main action is based. Allstate Insurance Company introduced the affidavit of one of its officials to the effect that he was aware of the lawsuit then pending, describing the same, and further stating: "(2) Affiant is the Service Manager with Allstate Insurance Company in Atlanta, Georgia. (3) Exhibit 'B' represents a true and correct copy of the notice of cancellation mailed to Nathaniel Cody by Allstate Insurance Company. (4) Exhibit 'C' represents a true and correct copy of the receipt of mailing given to Allstate Insurance Company by the United States Post Office Department *showing that on December 13, 1968, Allstate Insurance Company mailed a notice of cancellation to Nathaniel Cody, 1434 Mauge Street, Augusta, Georgia. Affiant has read the foregoing statements which are furnished of Affiant's personal knowledge and are true and correct to the best of his information and belief."* Attached to this affidavit was a copy of a notice of cancellation (Exhibit B) dated December 12 notifying of cancellation for nonpayment of $54 premium effective December 26, 1968. Also attached was a receipt of mailing from the United States Post Office Department dated December 13, 1968, showing receipt of mail addressed to Na-

thaniel Cody at the address shown on the policy and with the policy number appearing before the name. There is nothing on the receipt of mailing that indicates the contents of the matter mailed to Nathaniel Cody. Cody testified that he never received the notice of cancellation and introduced evidence that he had paid $160 in premiums as shown by a notice of premium due which accompanied an endorsement on the policy changing the automobile insured thereunder which shows as a "balance before change, $160" and "no change in premiums" with the amount then due being $34. No date appears on the indorsement or the premium notice but the indorsement recited that it was effective from March 29, 1968, to March 29, 1969. There was also in evidence an indorsement issued February 28, showing a 1961 Chevrolet insured with an increase of premium from $128 to $212, the indorsement stating it was effective from March 29, 1968 to March 29, 1969. The company's evidence, both in the attachments to the affidavit and answers to interrogatories, showed that the premium was $212 and that the insured, in various payments, had paid a $152.50 premium, which would leave a balance of $59.70 rather than the $54 shown on the notice of cancellation. In one portion of the insurance company's evidence, the unpaid premium is shown to be $52. The listing of the separate payments constituting this total, by both the insurer and the insured, coincides, with the exception that a $13 payment shown by the insurance company's evidence is shown to be a $20.70 payment by the evidence of the insured. The trial court denied the insurance company's motion for summary judgment and the insurance company appealed to this court. A motion was made to dismiss the appeal on the ground that the certificate certifying the denial of the summary judgment for review was not secured within the ten-day requirement of the statute. *Held:*

1. The judgment denying the motion for summary judgment was entered on October 1, 1970. The order certifying the judgment for review and appeal was signed and filed on October 13, 1970. A motion to dismiss the appeal was made on the ground that the certificate of review was not obtained within ten days of the entry of the judgment as required by subparagraph 2 of

Section 1 of the Appellate Practice Act (Ga. L. 1968, pp. 1072, 1073; *Code Ann.* § 6-701). The ten-day limitation would have expired on Sunday, October 11. Monday, October 12, was Columbus Day, a legal holiday. *Code Ann.* § 14-1809. This ten-day requirement is governed by subparagraph 8 of *Code* § 102-102 which provides: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty, shall have through the following Monday to exercise such privilege or to discharge such duty. When the last day prescribed for such action shall fall on a public or legal holiday as set forth in an Act approved February 2, 1945 (Ga. L. 1945, p. 123) [Code Ann. § 14-1809], enumerating public and legal holidays, the party having such privilege or duty shall have through the following day to exercise such privilege or to discharge such duty; however, when said following day shall be a Saturday or Sunday, the party shall have through the following Monday to exercise such privilege or to discharge such duty." Accordingly, the certificate for review, obtained on October 13, was obtained within time. The motion to dismiss the appeal is denied.

2. Pretermitting the question of whether the affidavit of the official of the insurer shows it is made on the personal knowledge of the affiant, when construed most strongly against the movant (see *Planters Rural Telephone Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90); *Thornton v. Alford,* 112 Ga. App. 321 (2) (145 SE2d 106); *Bussie v. Wilson,* 114 Ga. App. 298 (151 SE2d 186); *Nevels v. Detroiter Mobile Homes,* 120 Ga. App. 60, 61 (169 SE2d 716)), and pretermitting the question of whether the evidence shows a jury issue as to the premium owed, if any, the evidence adduced failed to show that the mail addressed to the insured and receipted for by the United States Post Office contained the notice of cancellation of the policy as required under Georgia Insurance Code, §§ 56-2430, 56-2430.1 (Ga. L. 1968, pp. 1126, 1127; *Code Ann.* §§ 56-2430, 56-2430.1) and therefore no cancellation was effected, in the absence of a showing of actual receipt of the cancellation notice by the in-

sured. There is no such evidence. The statement in the affidavit that the receipt is one "showing" that a cancellation notice was mailed is but a conclusion of the witness, as the receipt itself makes no such showing. The trial court did not err in overruling the insurer's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
SUBMITTED JANUARY 5, 1971—DECIDED FEBRUARY 4, 1971.

*George B. Snelling, Jr., Allgood & Childs,* for appellant.
*Jay M. Sawilowsky,* for appellee.