## 58201. FREEMAN v. GOVERNMENT EMPLOYEES INSURANCE COMPANY et al.

UNDERWOOD, Judge.

Freeman, being sued for damages allegedly resulting from a collision involving his automobile, brought in as third-party defendant his automobile liability insurer which answered: "[Freeman] signed a premium finance

agreement with Perry and Company which gave them the right to cancel the insurance policy if the conditions were not met and that for failure to pay the premium pursuant to that agreement, Perry and Company cancelled the . . . policy."

The trial court granted summary judgment to the insurer on this defense, and in this appeal by Freeman the question before us is whether the insurer carried its burden of showing that the policy had been effectively cancelled. We hold that it has not, and consequently we reverse the grant of summary judgment to it.

Code Ann. § 84-5312, governing cancellation by premium finance companies, provides in part: "(a) When a premium finance agreement contains a power of attorney enabling the premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be canceled by the premium finance company unless such cancellation is effectuated in accordance with this section. (b) Not less than 10 days' written notice shall be mailed to the insured of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such 10-day period. A copy of said notice shall also be sent to the insurance agent or insurance broker indicated on the premium finance agreement. (c) After expiration of such 10-day period, the premium finance company may thereafter in the name of the insured, cancel such insurance contract or contracts by mailing to the insurer a notice of cancellation, and the insurance contract shall be canceled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract or contracts. The premium finance company shall also mail a valid notice of cancellation to the insured at his last known address and to the insurance agent or insurance broker indicated on the premium finance agreement."

The affidavit of the officer of the premium finance company, offered by the insurer in support of its motion, states in part that "Perry and Company sent to Johnny W. Freeman a ten (10) day notice of cancellation, a copy of said computer printout on said notice is attached as Exhibit 'B', said notice was sent on May 24, 1977."

We thus come to the well-established position of the insurance company in the present posture of the case: as the movant for summary judgment its supporting papers are construed most strongly against it *(Allstate Ins. Co. v. Cody,* 123 Ga. App. 265, 267 (2) (180 SE2d 596) (1971)); "the language of the statute must be strictly construed" *(Travelers Indem. Co. v. Guess,* 243 Ga. 559, 560 (255 SE2d 55) (1979)); and "the company has the burden of proving strict compliance with the cancellation provisions . . . [and] any ambiguities of the notice must be resolved in favor of the insured. . ." *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 600 (2) (117 SE2d 239) (1960).

It will be observed that the affidavit provides no direct evidence as to the addressing, stamping, and posting of the notice, nor has any postal receipt for it been produced. No copy of it is in the record, nor is there sufficient evidence as to its contents. The insured denies receiving it, and in these circumstances summary judgment was improperly granted to the insurance company. *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 600 (2) supra; *Allstate Ins. Co. v. Cody,* 123 Ga. App. 265, supra; *Garber v. American Mut. &c. Ins. Co.,* 131 Ga. App. 366 (206 SE2d 86) (1974); *Atlanta Cas. Co. v. Williams,* 135 Ga. App. 562, 564 (1) (218 SE2d 282) (1975). Compare *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 741 (3) (216 SE2d 127) (1975); *Travelers Indem. Co. v. Guess,* 243 Ga. 559, supra.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979.

*B. C. Baxter, Jr.,* for appellant.
*Carl C. Brown, Jr., Wiley S. Obenshain, III,* for appellees.