57983. HILL v. ALLSTATE INSURANCE
COMPANY.

SHULMAN, Judge.

After appellee-Allstate Insurance Company denied any liability under the contract of insurance issued by it to appellant, appellant brought an action seeking to enforce the provisions of the policy. On motion for summary judgment, the trial court sustained appellee's defense that the policy had been properly cancelled in accordance with Code Ann. § 56-2430 prior to the loss forming the basis of appellant's claim, and entered judgment in favor of Allstate. We affirm.

1. Code Ann. § 56-2430 contains the method of cancellation claimed to be followed by the insurer in this case. In pertinent part, that Code section provides that cancellation is effected by "depositing such notice [of cancellation] in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt provided by the United States Post Office Department." Appellant submits that the receipt for mailing obtained in this case did not constitute "the receipt provided by the United States Post Office Department" within the meaning of Code Ann. § 56-2430 and that, therefore, the court erred in holding as a matter of law that cancellation had been effected. We reject both appellant's premise and her conclusion.

On motion for summary judgment, Allstate submitted a "PORS" list (a computer compilation prepared in appellee's ordinary course of business containing the names, addresses, and policy numbers of all those policyholders whose policies were to be cancelled by mail) on which list appellant's name and address appeared. As to the admissibility of this list, see *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142). The PORS list was stamped by postal authorities to indicate receipt of the letters addressed to those persons appearing on the list. The trial court properly held that this list "constituted the Post Office receipt for the mailing" (*Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 745 (216 SE2d 127)), within the contemplation of Code Ann. § 56-2430.

2. Because the PORS lists constituted the Post Office receipt for mailing and because other evidence presented by appellee showed without contradiction that the requisites of Code Ann. § 56-2430 had been satisfied, whether notice of cancellation had in fact been received by the insured is legally irrelevant and is not an issue which would preclude summary judgment. Id., p. 748. Cf. *Anderson v. Preferred Risk Mut. Ins. Co.,* 107 Ga. App. 293, 294 (129 SE2d 816).

3. Even assuming that appellant was entitled to assert that notice had not in fact been received, her affidavits to the effect that she did not remember receiving any cancellation notice did not demand summary judgment in her favor. *Sturdivant v. Allstate Ins. Co.,* 143 Ga. App. 19 (2) (237 SE2d 408).

As the summary judgment is not subject to reversal for any reason assigned by appellant, the judgment of the trial court must be affirmed.

*Judgment affirmed. Deen, C.J., and Carley, J., concur.*

ARGUED MAY 29, 1979 — DECIDED SEPTEMBER 12, 1979 — REHEARING DENIED SEPTEMBER 27, 1979 —

*S. Ralph Martin, Jr.,* for appellant.

*Michael S. Reeves,* for appellee.