### 62038. LUMBERMEN'S INVESTMENT CORPORATION v. AMERICAN MODERN HOME INSURANCE COMPANY et al.

BANKE, Judge.

The appellant brought this action to recover on an insurance policy issued by the appellee, covering a dwelling which was destroyed by fire. Both parties moved for summary judgment on the issue of appellee's liability under the policy, and the trial court granted the appellee's motion while denying the appellant's motion.

The policy had been cancelled by the appellee prior to the fire for non-payment of premium, and proper notice was sent by mail to the insured and two loss payees listed on the policy, including the appellant. The policy was subsequently reinstated upon receipt of a check for the premium. This check was dishonored, and the appellee again mailed cancellation notices. Whether this was done in accordance with statutory requirements with regard to the appellant is the question before us. *Held:*

Code Ann. § 56-2430 provides that cancellation notice by mail is effected by "depositing such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and *receiving therefor the receipt provided* by the . . . [post office] . . ." (Emphasis supplied.) The same notice procedure applies with regard to a loss payee listed on the policy. Code Ann. § 56-2430.2.

The record in the trial court included affidavits and copies of postal documents relating to the mailing of the notices of cancellation. The appellee's mail clerk stated in his affidavit that he took *a copy of a notice of cancellation* to the post office together with *envelopes* addressed to the parties named on the policy and affixed with sufficient postage and that he presented these envelopes to a postal employee who "made the post office stamp impressions which appear thereon and returned the same to affiant." A photographic copy of the cancellation notice is attached to the affidavit. The addresses listed thereon include the named insured and two loss payees, one of whom is the appellant.

An officer of the appellant corporation stated in his deposition

that the appellant had received no notice of cancellation after the policy was reinstated. In addition, the appellant presented the affidavit of the manager of the postal branch where the notices of cancellation were mailed, who stated that she had examined the original document concerning the mailings in question and that only two letters were receipted for mailing. She stated that the presence of a receipt is shown by a combination of the postal cancellation stamp and the metered or stamp postage, which reflects the charge made by the post office for the receipt service. The record does not reflect whether one of the two receipts was for a letter to the appellant. As there were three addresses for the cancellation notice, the evidence presented leaves unresolved a factual issue which precludes summary judgment.

The trial court based its judgment for the appellee on our decision in *Hill v. Allstate Ins. Co.,* 151 Ga. App. 542 (260 SE2d 370) (1979). This reliance is misplaced. In that case, Allstate submitted to the postal authorities a "PORS" list, a computer compilation containing the names, addresses, and policy numbers of all those policyholders whose policies were to be cancelled by mail; and the appellant's name appeared on the list. "The PORS list was stamped by postal authorities to indicate receipt of the letters addressed to those persons appearing on the list. The trial court properly held that this list 'constituted the Post Office receipt for the mailing' ... within the contemplation of Code Ann. § 56-2430." *Hill v. Allstate Ins. Co.,* supra, p. 543. Although not mentioned in the opinion, the record in *Hill* reveals that postage for each individual mailing was paid. In the case before us, there is affirmative evidence, however, that although three letters were to be sent, the statutory receipt was obtained for only two, and the record is silent as to which two. The affidavit of appellee's mail clerk does not resolve this issue, and there is affirmative evidence that appellant failed to receive a notice. The trial court's order granting summary judgment for the appellee is accordingly reversed.

While it appears from the record before us that the appellee will have difficulty establishing that it obtained a receipt for the mailing of a cancellation notice to the appellant, we cannot say the issue is foreclosed. We therefore affirm the judgment denying summary judgment to the appellant.

*Judgment reversed in part and affirmed in part and remanded. Deen, P. J., and Carley, J., concur.*

Decided May 29, 1981.

*Theodore Lee Marcus,* for appellant.

*William J. Porter, Jr.,* for appellees.