Smith, Justice.
The State of Georgia and Sanford A. Jones, clerk of the State Court of Fulton County, appeal from an order of Fulton Superior Court granting appellee’s “Petition to' Expunge Record.” The superior court judge directed Jones to expunge all references to appellee from his files and to notify the County Probation System, the Georgia Crime Information Center, and the Identification Division of the Federal Bureau of Investigation of the order of *262 expungement.
While a student at Georgia Tech in April 1979, appellee was arrested and charged with shoplifting. She entered a plea of nolo contendere and was placed on probation as a first offender pursuant to Code Ann. § 27-2727. After successfully completing her probation, appellee was discharged without an adjudication of guilt. See Code Ann. § 27-2728. On March 23,1982, she filed this petition in Fulton Superior Court requesting expungement from the public record of all references to her arrest, probation, and discharge as a first offender. Relying on the intent of the General Assembly as expressed in Code Ann. § 27-2728,[1] as well as on its general equitable power, the superior court granted appellee’s motion.
The First Offender Act (Code Ann. § 27-2727 et seq.) was enacted in 1968 and amended extensively in 1978. It provides that upon a plea of not guilty or nolo contendere, the court may, prior to any adjudication of guilt, place on probation a defendant who has not previously been convicted of a felony. A record of this action is forwarded to the Georgia Crime Information Center. Upon successful completion of probation, the offender is discharged without an adjudication of guilt. The Act provides that such a discharge “shall completely exonerate the defendant of any criminal purpose,” § 27-2728. A record of discharge and exoneration is then forwarded to the Georgia Crime Information Center, and upon the offender’s request to other state and federal agencies which have in their files a record of the prior probation.
Appellee argues that the predominant theme of the Act is exoneration of first offenders, and that this purpose can only be realized by expunging from the public record any reference to the beneficiaries of the Act, including herself. She contends that allowing court records, which are generally accessible to the public and to potential employers, to reflect that she was arrested and given treatment as a first offender subjects her to the same stigma as a convicted criminal. Only expungement of her first offender records, she argues, can fully effectuate the purposes of the Act.
While we are sympathetic to appellee’s position, we cannot agree that expungement of her records was the proper remedy in this case. In our view expungement of the records of first offender treatment of *263 criminal defendants runs contrary to the intent and the practical operation of the First Offender Act.
Decided November 22, 1982.
Maintenance of accurate, up-to-date records is vital to the effective operation of the Act as envisioned by the General Assembly. For example, the Act provides that in a subsequent prosecution of the same defendant 1) a prior finding of guilt made pursuant to the statute may be used as if an adjudication of guilt had been entered, and 2) the records of discharge of first offenders may be released to prosecutors and state and federal probation agencies upon certification of pending criminal charges. See Code Ann. § 27-2730. Expungement of first offender records would render these provisions meaningless. More important, routine expungement would disrupt the administration of criminal justice in that it might allow criminal defendants to obtain first offender treatment more than once. Code Ann. § 27-2727 states that “[N]o person may avail himself of the provisions of this law... on more than one occasion.” Expungement such as that ordered by the trial court in this case would allow repeat offenders to take advantage of the absence of records and obtain multiple treatment as first offenders, contrary to the express terms of the Act. Where possible, we construe language used by the General Assembly in a manner that will not render it meaningless or mere surplusage. Houston v. Lowes of Savannah, 235 Ga. 201, 203 (219 SE2d 115) (1975). Here the language of the Act militates against the relief granted by the trial court.
Although we cannot, consistent with the purposes of the First Offender Act, grant the relief requested by appellee, we note that in 1978 the legislature amended the Act to increase confidentiality of first offender records in two respects: access to records of discharge of first offenders is restricted to specified prosecutorial and probation officials upon certification that criminal charges are pending against the first offender, 1978 Ga. Laws 1621, 1623 (present Code Ann. § 27-2730); and discharge under the Act may not be used to disqualify one for employment or appointment to office in either the public or private sector, 1978 Ga. Laws 1621, 1622 (present Code Ann. § 27-2728.1).[2]

Judgment reversed.

All the Justices concur.

Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor, for appellants.
Lawson, Washington & Thornton, Charles S. Thornton, for appellee.

 Section 27-2728, in relevant part, provides: “Upon fulfillment of the terms of probation, or upon release by the court prior to the termination of the period thereof, the defendant shall be discharged without court adjudication of guilt. Such discharge shall completely exonerate the defendant of any criminal purpose, shall not affect any civil right or liberties, and he shall not be considered to have a criminal conviction . . .”

 Nothing in this opinion is intended to affect the validity of this court’s decision in Favors v. State, 234 Ga. 80, 87 (214 SE2d 645) (1975), or to restrict access to first offender records for the limited purpose described in Favors.