72444. GLOBE AMERICAN CASUALTY COMPANY v. MOTLEY.
(348 SE2d 899)

POPE, Judge.

We granted this interlocutory appeal to consider whether the trial court properly denied summary judgment to appellant Globe American Casualty Company (Globe). Appellee Howard Ray Motley filed this action against Globe seeking uninsured motorist benefits as a result of an automobile accident occurring on February 9, 1985. Globe answered and moved for summary judgment on the basis that the policy was not in effect at the time of the accident. Globe adduced the affidavit of Lois LaCause, manager of operations for Globe. In her affidavit she stated that Motley's policy had been cancelled effective January 23, 1985 for nonpayment of premium. She further averred that the cancellation notice had been sent to Motley on January 11, 1985, as was shown by a postal receipt. Motley filed his own affidavit in opposition to the motion and stated that he had never received the notice of cancellation. The trial court denied the motion. *Held*:

We affirm. Globe argues that the cancellation procedure followed here is "almost identical" to that outlined in *Hill v. Allstate Ins. Co.*, 151 Ga. App. 542 (260 SE2d 370) (1979), in which summary judgment for the insurer was affirmed. However, we agree with Motley that there is a crucial difference between the present case and *Hill*. There, the insurer had the post office stamp a receipt onto a computer list containing the name, address and policy number of those to whom notices of cancellation had been sent. In the present case the evidence shows only a receipt indicating that 309 pieces of mail were received by the post office. No evidence other than the assertion of Globe's agent exists in the record to show that notice of cancellation was sent to Motley. Compare *State Farm &c. Ins. Co. v. Harris*, 177 Ga. App.

826 (341 SE2d 472) (1986).

This situation is similar to that in *Lumbermen's Invest. Corp. v. American &c. Ins. Co.*, 158 Ga. App. 705 (282 SE2d 178) (1981). There, this court reversed summary judgment for the insurer. The receipt showed mailing of two letters but did not specify which of three names on a computer list of cancellations were the addresses of the letters sent. The court concluded that an issue of fact remained. There, as in the instant case, the non-moving party denied receiving any cancellation notice. On such a record, the issue of mailing of the cancellation notice remains one for a factfinder. The trial court properly denied the motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1986 —
REHEARING DENIED SEPTEMBER 17, 1986 ▮▮▮▮▮▮▮▮▮▮

*James S. Kilpatrick*, for appellant.
*Dennis D. Watson*, for appellee.