A93A0674. CLARK et al. v. SUPERIOR INSURANCE COMPANY.
(433 SE2d 394)

BEASLEY, Presiding Judge.

Plaintiffs Kenneth Clark and Charlene Powell appeal the grant of summary judgment to defendant/third-party plaintiff Superior Insurance Company in this action alleging breach of an automobile insurance contract and fraud. Superior counterclaimed for declaratory judgment seeking a determination that it has no liability for plaintiffs' loss. It also asserted a third-party complaint against Central & Southern Bank of Georgia (C & S), the lienholder of the vehicle. At issue is whether the policy issued to Clark by Superior was in force on April 24, 1990, when the vehicle sustained collision damage.

Clark purchased a 1990 Oldsmobile automobile which he financed through C & S. He obtained automobile insurance from the Harrell Insurance Agency which provided a six-month policy issued by Superior, effective December 27, 1989. He financed the insurance premiums through Agency Premium Services, Inc. ("APSI"), agreeing to make a down payment and pay monthly installments to APSI beginning on January 30, 1990. The premium was to be paid to the Harrell Agency, which in turn would pay APSI. APSI would pay the premium to Superior. Clark paid Harrell the down payment and made two subsequent monthly payments to Harrell on February 12 (twelve days late) and March 26 (twenty-six days late).

APSI subsequently sought to cancel the insurance under a power of attorney which Clark had executed in conjunction with the pre-

mium financing agreement, authorizing APSI to cancel the policy for non-payment of premium.

On April 5, 1990, APSI mailed Clark a ten-day notice of intent to cancel the coverage, effective April 20. It was admittedly received by Clark and Powell prior to April 20. Powell thereupon brought the notice to the Harrell Agency where she was told that no notice of intent to cancel or of cancellation had been received at their office. She claims she had the money with her then to make the necessary payments. APSI thereafter mailed notice of cancellation to Superior with a copy to Clark on April 16, effective April 20. Superior contends that Clark's coverage was canceled effective April 20, 1990. Superior notified C & S as lienholder that coverage under the loss payable provision of the policy would terminate effective May 14, 1990.

The vehicle incurred collision damage on April 24, 1990. Superior denied coverage, contending that the policy had been canceled on April 20.

C & S repossessed the car on June 28, 1990 and made claim under the "loss payee" clause to Superior for the damage to the vehicle. Payment was made by Superior to C & S for $3,260.58 on August 31, in full satisfaction of Superior's obligation. Simultaneously, C & S gave Superior a "hold harmless" agreement agreeing to defend the insurer from any further claim under the policy.

1. Appellants contend that a question of fact remains as to whether proper notice of intent to cancel the policy was given as required by OCGA § 33-22-13.

When a premium finance company seeks to cancel an insurance contract pursuant to authorization of a power of attorney contained in an agreement with its insured, it must do so in strict compliance with OCGA § 33-22-13. OCGA § 33-22-13 (a); *Ga. Mut. Ins. Co. v. Gardner*, 205 Ga. App. 458 (422 SE2d 324) (1992); *Freeman v. Govt. Employees Ins. Co.*, 151 Ga. App. 161, 163 (259 SE2d 165) (1979). OCGA § 33-22-13 (b) mandates: "Not less than ten days' written notice shall be mailed to the insured of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such ten-day period. A copy of said notice shall also be sent to the insurance agent or insurance broker indicated on the premium finance agreement."

Appellants contend that the insurance agreement was improperly canceled because APSI failed to send the statutorily required *notice of intent to cancel* to the Harrell Agency. It was established through depositions of Embry Harrell, owner of the agency, and Jane Lann, its employee, that notice of intent to cancel had not been received by the agency prior to the date of cancellation. APSI offered no proof that notice of intent had been sent to the agency. The agency did receive a cancellation notice from APSI dated April 27, showing a

cancellation date of April 20.

"'We thus come to the well-established position of the insurance company in the present posture of the case: as the movant for summary judgment its supporting papers are construed most strongly against it (cit.); "the language of the statute must be strictly construed" (cit.); and the "company has the burden of proving strict compliance with the cancellation provisions . . . (and) any ambiguities of the notice must be resolved in favor of the insured. . . ." (Cit.)' [Cit.]" *Gardner*, supra at 461. Since proper notice of intent to cancel was not given to the agency, the cancellation was not effectuated in accordance with OCGA § 33-22-13 (b). Summary judgment was improperly granted in favor of the insurer. Compare *Mass. Bay Ins. Co. v. Photographic Assistance Corp.*, 732 FSupp. 1572, 1579 (5) (N.D. Ga. 1990) (summary judgment was authorized where the premium finance company produced "strong evidence" that the proper notices were mailed, to rebut plaintiff's assertion that it never received notice).

2. Appellants contend that a question of fact exists as to whether APSI gave proper notice of cancellation to the mortgagee, C & S, as required by OCGA § 33-22-13 (d).

Under OCGA § 33-22-13 (d), a premium finance company may terminate coverage notwithstanding the existence of a mortgagee so long as the insurer "give[s] the prescribed notice on behalf of itself or the insured . . . on or before the second business day after the day it receives the notice of cancellation from the premium finance company and shall determine the effective date of cancellation taking into consideration the number of days required to complete the cancellation." In so doing, the premium finance company stands in the shoes of the insured by canceling the policy in accordance with the power of attorney. *Photographic Assistance*, supra at 1575 (1).

APSI sent notice of cancellation to Superior on April 16. The record is silent as to when such notification was received by Superior. On April 27, Superior sent notice to C & S that cancellation as to the lienholder would occur on May 14. Because an eleven-day gap exists between the time notice was sent to the insurer and the insurer notified the mortgagee, appellants assert that the two-day requirement of OCGA § 33-22-13 (d), which begins when the insurer "receives the notice of cancellation from the premium finance company," was not satisfied.

We do not reach this question because "the insured has no real standing to argue that its contract should not be terminated until the mortgagee has received notice. Only the mortgagee is harmed by the insurer's failure to notify it of the termination. . . . The mortgagee is the entity being harmed and the mortgagee has a remedy against the insurer." *Photographic Assistance*, supra at 1577 (2).

3. Appellants contend that a factual question exists as to whether the monthly premium payments were timely made.

Appellant Powell submits that when she inquired at the Harrell Agency concerning the cancellation notice, she was not informed of the delinquent status of the premium payments but was told instead the account was current. She claims she was prepared to pay any outstanding balance but that she reasonably relied on the agent's misrepresentation to her detriment. She asserts that Harrell's misrepresentations are binding on Superior because a fiduciary relationship under OCGA § 23-2-58 existed between her and Harrell's agent.

"Any relationship shall be deemed confidential . . . where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another. . . ." OCGA § 23-2-58. "[O]ral statements by an agent of an insurance company generally cannot bind the insurance company. . . ." *Trulove v. Woodmen of the World Life Ins. Society*, 204 Ga. App. 362, 365 (1) (419 SE2d 324) (1992). However, where "there are facts from which the jury could have found that a confidential or fiduciary relationship existed between [Powell] and [Harrell], . . . this gives rise to an exception to the foregoing rules. '(A) party to a confidential or fiduciary relationship may rely upon representations made. . . .' [Cit.]" Id. Powell was neither a party to the insurance contract, a named insured, nor an owner of the vehicle. The record is devoid of evidence from which to conclude that a confidential relationship existed between her and the agency, and by extension, the insurer. Summary judgment was properly awarded the insurer with respect to the claim for fraud.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 29, 1993.

*William V. Evans*, for appellants.
*Eason, Kennedy & Associates, Richard B. Eason, Jr., J. David McRee*, for appellee.