## S94Q1193. MOORE v. SCOTTSDALE INSURANCE COMPANY.
(450 SE2d 198)

CARLEY, Justice.

Appellant-plaintiff purchased a property insurance policy from appellee-defendant. The purchase was financed by Siuprem, Inc., an insurance premium finance company. See OCGA § 33-22-2 (2). Siuprem retained a power of attorney to cancel the policy in the event of default. Subsequently, appellant did default and Siuprem issued a ten-day notice of intent to cancel, OCGA § 33-22-13 (b), followed by a notice of cancellation. OCGA § 33-22-13 (c). At the time each notice was issued, appellant's name and policy number, but not his address, were included on Siuprem's computer-generated lists of policyholders to whom mailings were being sent. These lists were stamped with the mailing date by the United States Postal Service. When appellee later refused to pay a claim on the policy, appellant brought suit in state

court, and the case was removed to federal court. The trial court granted appellee's motion for summary judgment, holding that appellant was not covered under its policy with appellee because Siuprem had properly canceled the policy. On appeal, the United States Court of Appeals for the Eleventh Circuit certified the following question:

Does a receipt bearing the name and policy number — but not the address — of an insured to whom notice of cancellation is sent constitute a form of proof of mailing acceptable to the United States Postal Service within the meaning of OCGA § 33-22-13 (c)? By the same token, to what extent does Georgia law require that the form of proof obtained by the insurer or insurer's agent in canceling a policy comport with the internal regulations governing receipts established by the United States Postal Service?

In relevant part, OCGA § 33-22-13 (c) provides:

The notice to the insured required by this Code section shall be mailed to the last address of record of the insured and shall be dispatched by at least first-class mail and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service.

These requirements apply to both the ten-day notice of intent to cancel and the notice of cancellation itself. *Ga. Mut. Ins. Co. v. Gardner*, 205 Ga. App. 458 (422 SE2d 324) (1992).

When a premium finance company seeks to cancel an insurance contract pursuant to authorization of a power of attorney contained in an agreement with its insured, it must do so in strict compliance with OCGA § 33-22-13. [Cits.] . . . " ' "[T]he language of the statute must be strictly construed" (cit.); and the "company has the burden of proving strict compliance with the cancellation provisions . . . (and) any ambiguities of the notice must be resolved in favor of the insured. . . ." (Cit.)' [Cit.]" [Cit.]

*Clark v. Superior Ins. Co.*, 209 Ga. App. 290, 291-292 (1) (433 SE2d 394) (1993).

The method set forth in OCGA § 33-22-13 (c) to constitute an effective cancellation, which includes both mailing the notices and receiving evidence of the mailings from the Postal Service, is mandatory. See *Travelers Indem. Co. v. Guess*, 243 Ga. 559, 560 (1) (255 SE2d 55) (1979) (construing the similar language in OCGA § 33-

24-44 (b)). The first requirement of the statute is a mailing "to the last address of record of the insured." Obtaining evidence of *this* mailing from the Postal Service is an additional, second requirement of the statute. Compliance with the statute is not shown by merely presenting evidence of *any* mailing, even if prescribed or accepted by the Postal Service. Thus, although the Postal Service's Domestic Mail Manual provides for bulk certificates of mailing which specify only the total number of pieces mailed, such a certificate would not be evidence of a mailing *to the insured*. Nor would any receipt or list stamped by the Postal Service be evidence of a mailing to the insured in the absence of the insured's name on the document or in the absence of any specification of which of several named addressees were sent letters. *Globe American Cas. Co. v. Motley*, 180 Ga. App. 306 (348 SE2d 899) (1986); *Lumbermen's Inv. Corp. v. American Modern Home Ins. Co.*, 158 Ga. App. 705 (282 SE2d 178) (1981). Likewise, in the absence of the insured's *address*, a receipt or list stamped by the Postal Service is not the statutorily mandated evidence of a mailing "to the last address of record of the insured." Compare *State Farm Mut. Auto. Ins. Co. v. Harris*, 177 Ga. App. 826 (341 SE2d 472) (1986); *Hill v. Allstate Ins. Co.*, 151 Ga. App. 542 (260 SE2d 370) (1979).

In the instant case, it appears that appellee has proved compliance with the first requirement of OCGA § 33-22-13 (c). By the affidavits of its agents, appellee demonstrated that the notices were mailed via first class mail to appellant's last address of record. Although appellant does not concede that the notices were so mailed, he does not present evidence to the contrary. Thus, appellee's proof that the notices were mailed is uncontradicted. However, this proof is not dispositive, even if appellant conceded that the notices were mailed. See *Bank of Toccoa v. Cotton States Mut. Ins. Co.*, 211 Ga. App. 389, 392, fn. 1 (439 SE2d 60) (1993). Compare *Travelers Indem. Co. v. Guess*, supra (insured admitted *receipt* of notice of cancellation). Appellee must also comply with the *second* requirement of the statute. As already stated, this second requirement is not met by obtaining evidence from the Postal Service which does not bear the insured's address.

Therefore, we answer the United States Court of Appeals as follows: A receipt bearing the name and policy number — but not the address — of an insured to whom notice of cancellation is sent does not constitute a form of proof of mailing within the meaning of OCGA § 33-22-13 (c), regardless of whether it is acceptable to the United States Postal Service.

*Certified question answered. All the Justices concur, except Hunt, C. J., Benham, P. J., and Fletcher, J., who dissent.*

FLETCHER, Justice, dissenting.

I dissent because the majority's interpretation of OCGA § 33-22-13 (c) ignores both the plain language of the statute and common sense.

OCGA § 33-22-13 (c) imposes two separate requirements: (1) mailing of the notices by at least first class mail to the insured's last address of record and (2) obtaining of a receipt. The statute further provides three distinct methods by which to satisfy the receipt requirement: (1) the receipt provided by the Postal Service; (2) other evidence of mailing "as prescribed" by the Postal Service; or (3) other evidence of mailing "as accepted" by the Postal Service.

In the present case, the parties agree that the statute's first requirement of mailing was satisfied.[1] The only issue presented was whether the receipts obtained were sufficient under the statute.

Scottsdale's receipts, showing Moore's name and policy number, were stamped by an employee of the Postal Service. In stamping the receipts, the Postal Service accepted them as evidence of mailing. The affidavit of the Manager of Business Mail Entry for the Postal Service, Atlanta Division confirms this interpretation by stating that the stamped receipts were "apparently accepted as evidence of bulk mailing by the United States Postal Service." This evidence is sufficient to demonstrate that the receipts obtained were accepted by the United States Postal Service.

The majority's opinion ignores the statute's disjunctive language, which permits evidence of mailing either "prescribed or accepted by the United States Postal Service." Fundamental rules of statutory construction require that the terms "prescribed" and "accepted" be accorded different meanings. State of Ga. v. C. S. B., 250 Ga. 261, 263 (297 SE2d 260) (1982) (courts must construe statutory language so as not to render it meaningless or mere surplusage). By requiring that the receipt contain both the insured's name and address without regard to whether it is acceptable to the Postal Service, the majority simply rewrites this statute.

The statutory language requires that evidence of mailing that is accepted by the United States Postal Service satisfies OCGA § 33-22-13 (c), regardless of whether the form is prescribed by internal regulations of the Postal Service.

I am authorized to state that Chief Justice Hunt and Presiding Justice Benham join in this dissent.

---

[1] In addition to Moore's admission in his opposition to the summary judgment motion that the notices were sent first class mail to the last address of record of the insured, R. J.'s on the Lake, which was Moore's failed business venture, Moore also admitted that he failed to pay the premiums and that the policy was in default.

DECIDED NOVEMBER 7, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994.

*Francis N. Ford,* for appellant.
*Drew, Eckl & Farnham, John P. Reale, Robert L. Welch,* for appellee.