S03Q1237. CRESENT HILLS APARTMENTS v. ADMIRAL
INSURANCE COMPANY.
(589 SE2d 96)

BENHAM, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified two questions of Georgia law to this Court pursuant to Georgia constitutional and statutory authorization. 1983 Ga. Const., Art. VI, Sec. VI, Par. IV; OCGA § 15-2-9 (a). The questions arise in an appeal from the grant of summary judgment by the United States District Court for the Northern District of Georgia in a declaratory judgment action. We have been asked to determine whether an insurer's failure to notify the lienholder of an attempted cancellation of a commercial property insurance policy affected the property owner's right to make a claim under the policy, and whether an insurer complied with OCGA § 33-24-44 (b) when its employee affixed an envelope containing a notice of policy cancellation to the outside of a U.S. postal mailbox with a request to the United States Postal Service to issue a receipt for the envelope and mail it via certified mail to the addressee/insured. *Admiral Ins. Co. v. Cresent Hills Apts.*, 328 F3d 1310 (11th Cir. 2003).[1]

---

[1] The questions as presented are:

1. "Did Admiral's failure to notify the lienholder of the attempted cancellation of Cresent's policy affect in any way Cresent's right to make a claim under the policy?"

2. "Did Admiral comply with the requirements of OCGA § 33-24-44 (b) by affixing an envelope containing a notice of policy cancellation to the outside of a United States postal

On April 29, 2000, appellee Admiral Insurance Company issued a commercial property insurance policy covering the Cresent Hills Apartments in Atlanta. About five months later, Admiral decided to cancel the policy after it was reported the apartment complex was in "deplorable" condition. An Admiral underwriting assistant prepared an undated cancellation notice for Cresent stating the policy would be cancelled effective November 8, 2000. The notice was to be sent by certified mail. According to an Admiral employee, she taped the envelope containing the notice to the outside of the mailbox in the lobby of Admiral's office building on October 5, with a note asking the post office to date and sign or postmark the certified mail receipt with the date it was picked up for delivery. The receipt was returned to Admiral, undated and without a postmark. However, the envelope affixed to the postbox was delivered to Cresent via certified mail on October 11, 2000, and a Cresent employee signed the certified mail return receipt (which was then returned to Admiral) and placed the envelope on the desk of the president and sole shareholder of the corporation that owns Cresent Apartments. The president/sole shareholder did not open the envelope until December 29, 2000. In the meantime, a fire destroyed five apartment units on December 27, and Cresent's insurance agency was informed by Admiral's broker that the insurance policy covering the apartments had been cancelled by Admiral effective November 8. No notice of cancellation was sent to First Savings Bank, a lienholder.

Admiral filed an action for declaratory judgment in the United States District Court for the Northern District of Georgia, seeking a judicial declaration that Admiral was not obligated to pay Cresent's claim because Admiral had effectively cancelled the policy of insurance. Among other things, Cresent claimed the cancellation was ineffective because it was not in compliance with OCGA § 33-24-44 (b) since the lienholder had not been notified and there was no evidence the notice had been mailed at least 30 days before the date of the purported cancellation. The district court granted summary judgment to Admiral and Cresent appealed to the Eleventh Circuit, which certified the two questions of Georgia law to this Court.

1. OCGA § 33-24-44 (b) sets out the means an insurer must use to cancel a policy of insurance. It provides:

> Written notice stating the time when the cancellation will be effective, which shall not be less than 30 days from the date of mailing or delivery in person of such notice of cancellation or such other specific longer period as may be provided in

mailbox with a request to the United States Postal Service to receipt for the same and mail it via certified mail to Cresent?"

the contract or by statute, shall be delivered in person or by depositing the notice in the United States mails to be dispatched by at least first-class mail to the last address of record of the insured and of any lienholder, where applicable, and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service.

Assuming arguendo that the method employed by Admiral to place an item in U.S.P.S.'s stream of mail constitutes "depositing in the United States mails to be dispatched by at least first-class mail . . .," we conclude that the notice of cancellation was not effective because Admiral has not provided the statutorily-acceptable proof that the mailing took place not less than 30 days before the date of cancellation contained in the notice.

"The two methods set forth in the statute to constitute an effective cancellation are mandatory [cits.] and when utilized by the insurance company, the language of the statute must be strictly construed." *Travelers Indemnity Co. v. Guess*, 243 Ga. 559 (1) (255 SE2d 55) (1979). The methods of giving notice of cancellation set forth in OCGA § 33-24-44 (b) are delivery either in person or "by depositing the notice in the United States mails . . . and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the [U.S.P.S.]." In order for a cancellation in which the notice was mailed to be effective, both requirements of the statute must be met, i.e., the notice must be mailed and the mailing party must receive evidence of the *mailing* from the U.S.P.S. *Moore v. Scottsdale Ins. Co.*, 264 Ga. 808, 809 (450 SE2d 198) (1994) (addressing, at the request of the Eleventh Circuit, the insurance cancellation requirements of OCGA § 33-22-13 (c), which are similar to those contained in OCGA § 33-24-44 (b)). In the case at bar, Admiral presented evidence from the U.S.P.S. of the addressee's *receipt* of the mailing on October 11, 2000, but presented no evidence from the U.S.P.S. that the mailing was mailed the statutorily-mandated 30 days before the effective date of cancellation.

Admiral, pointing to language in our decision in *Travelers Indemnity v. Guess*, supra, 243 Ga. at 561, maintains it is unnecessary to present evidence from the U.S.P.S. of the time of mailing where the insured admits receipt of the notice of cancellation. In *Travelers*, this Court ruled the insurer was entitled to summary judgment on the issue of notice despite the insurer's failure to obtain the statutorily-required Post Office Department receipt of the time of mailing where the insured admitted having received the notice of cancellation. Because there is a significant factual distinction between the case at bar and *Travelers*, we disagree with Admiral

that the exception to the requirement of U.S.P.S. proof of mailing allowed in *Travelers* provides safe haven for Admiral.

In *Travelers*, the insurer had mailed a notice of cancellation effective October 16, 1976, "early in October," but had not obtained from the U.S. Post Office a receipt that showed the date of mailing. The applicable statute required that notice of cancellation be given not less than ten days before the effective date of cancellation, and that a receipt of the time of mailing the cancellation notice be obtained. Id. at 560; Ga. Code Ann. § 56-2430. The insured admitted receipt of the notice on October 4, twelve days before the effective date of cancellation. The insured's admitted receipt of the mailed notice twelve days before the effective date of cancellation established beyond question that the insurer had mailed the notice at least ten days before the effective date of cancellation. In the case at bar, the U.S.P.S. notice of receipt by the addressee/insured established that the insured received the notice of cancellation on October 11, 2000, 28 days before the effective date of cancellation of November 8, 2000. The evidence of the insured's receipt of the notice did not establish beyond question that the insurer met the statutory requirement that notice of cancellation be mailed at least 30 days before the effective date of cancellation. While the District Court for the Northern District of Georgia was correct in describing as undisputed the testimony of Admiral's employee that it was on October 5, 2000, that she taped the notice of cancellation to the mailbox with a request for specific action by the U.S.P.S., the employee's testimony does not fall within the statutorily-prescribed means or the limited exception set forth in *Travelers* for proving timely mailing of the notice of cancellation.

2. In light of our answer to the second certified question, it is unnecessary to address the first certified question.

*Question answered. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

Because the majority's holding fails to give effect to all the words of OCGA § 33-24-44 (b), I respectfully dissent.

To establish an effective cancellation under OCGA § 33-24-44 (b), an insurer must show both mailing of the notice not less than 30 days before the effective cancellation date and receipt of evidence of the mailing. The requirements of actual mailing and evidence of mailing are separate.[2] OCGA § 33-24-44 (b) specifically permits evidence of mailing to be shown by "the receipt provided by the United States

---

[2] *Moore v. Scottsdale Ins. Co.*, 264 Ga. 808, 810 (450 SE2d 198) (1994) (construing similar language in OCGA § 33-22-13 (c)).

Postal Service *or such other evidence of mailing* as prescribed or accepted by the United States Postal Service." Contrary to the majority, I would hold that the U.S.P.S. certified mail return receipt showing delivery to and acceptance by the addressee is "other evidence of mailing."

I also reject the majority's narrow reading of the statute that permits only one method of proving that the notice was mailed not less than 30 days before the effective date of cancellation. This Court has previously held that affidavits are sufficient to prove mailing.[3] In this case, the notice of cancellation stated that it was effective on November 8, 2000. Therefore, the statute required that the notice be delivered in person or mailed on or before October 9, 2000, which was a federal holiday. The official U.S.P.S. return receipt demonstrates that Cresent Hills Apartments received the notice of cancellation at its address in Southwest Atlanta, Georgia on October 11, 2000. The undisputed deposition testimony of Admiral Insurance Company's employee shows that the notice of cancellation was mailed from Admiral's office in Duluth, Georgia on October 5, 2000. This evidence leaves no genuine issue regarding compliance with the statutory requirement of notice mailed 30 days before the effective cancellation date.

DECIDED NOVEMBER 17, 2003.

*Stokes, Lazarus & Carmichael, William K. Carmichael, David M. Lilenfeld*, for appellant.

*Hipes & Norton, John D. Hipes, Gray, Rust, St. Amand, Moffett & Brieske, Edward A. Miller*, for appellees.

---

[3] Id. (insurer showed mailing to last known address by affidavits of employees).