FLETCHER, Chief Justice,
dissenting:
Because the majority’s holding fails to give effect to all the words of OCGA § 33-24-44(b), I respectfully dissent.
To establish an effective cancellation under OCGA § 33-24-44(b), an insurer must show both mailing of the notice not less than 30 days before the effective cancellation date and receipt of evidence of the mailing. The requirements of actual mailing and evidence of mailing are separate.[1] OCGA § 33-24-44(b) specifically permits evidence of mailing to be shown by “the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service.” Contrary to the majority, I would hold that the U.S.P.S. certified mail return receipt showing delivery to and acceptance by the addressee is “other evidence of mailing.”
I also reject the majority’s narrow reading of the statute that permits only one method of proving that the notice was mailed not less than 30 days before the effective date of cancellation. This Court has previously held that affidavits are sufficient to prove mailing.[2] In this case, the notice of cancellation stated that it was effective on November 8, 2000. Therefore, the statute required that the notice be delivered in person or mailed on or before October 9, 2000, which was a federal holiday. The official U.S.P.S. return receipt demonstrates that Cresent Hills Apartments received the notice of cancellation at its address in Southwest Atlanta, Georgia on October 11, 2000. The undisputed deposition testimony of Admiral Insurance Company’s employee shows that the notice of cancellation was mailed from Admiral’s office in Duluth, Georgia on October 5, *1307 2000. This evidence leaves no genuine issue regarding compliance with the statutory requirement of notice mailed 30 days before the effective cancellation date.

. Moore v. Scottsdale Ins. Co., 264 Ga. 808, 810 (450 S.E.2d 198) (1994) (construing similar language in OCGA § 33-22-13(c)).

. Id. (insurer showed mailing to last known address by affidavits of employees).